[No. 7178.  Decided September 24, 1908.]

THE OLD NATIONAL BANK, *Respondent*, v. EXCHANGE NATIONAL BANK, OF COEUR D'ALENE, IDAHO, *Appellant*, W. H. SMITH *et al.*, *Respondents.*[1]

BANKS AND BANKING—CERTIFICATE OF DEPOSIT—DEFENSES—ESTOPPEL TO ASSERT. Where a bank, upon inquiry, assures an indorser of a certificate of deposit, issued by the bank to one of its customers, that the same will be paid upon presentation, whereby the indorser and holder were lulled into a feeling of security and prevented from taking steps to protect themselves, the bank is estopped to assert any defense against the holder of the certificate, where it may be reasonably inferred that the occurrence was communicated to the holder and both the holder and indorser were interested therein at the time.

[1]Reported in 97 Pac. 462.

Appeal from a judgment of the superior court for Spokane county, Huncke, J., entered June 27, 1907, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action on a certificate of deposit. Affirmed.

*Belden & Losey* and *Ezra R. Whitla*, for appellant, to the point that there was no estoppel, cited: *Near v. Green*, 113 Iowa 647, 85 N. W. 799; *Gee v. Moss*, 68 Iowa 318, 27 N. W. 268; *Bashore v. Parker*, 146 Cal. 525, 80 Pac. 707; 2 Pomeroy, Equity Jurisprudence, § 812; *Shoufe v. Griffiths*, 4 Wash. 161, 30 Pac. 93, 31 Am. St. 910; *Girault v. Hotaling Co.*, 7 Wash. 90, 34 Pac. 471; 16 Cyc. 734, and cases cited; *Coffelt v. First Nat. Bank*, 52 Kan. 600, 35 Pac. 289; *St. Louis Nat. Bank v. Gay*, 101 Cal. 286, 35 Pac. 876. The estoppel must be specially pleaded. 16 Cyc. 811; Bliss, Code Pleadings, § 364; Boone, Code Pleadings, § 67; *Walker v. Baxter*, 6 Wash. 244, 33 Pac. 426; *Warder v. Baldwin*, 51 Wis. 450, 8 N. W. 257; *Anderson v. Hubble*, 93 Ind. 570, 47 Am. Rep. 394; *Phillips v. Van Schaick & Wilcox*, 37 Iowa 229; *Carnahan v. Brewster* (Neb.), 96 N. W. 590; *Pratt v. Hawes*, 118 Wis. 603, 95 N. W. 965.

*Wakefield & Witherspoon* and *H. M. Stephens*, for respondent, Old National Bank, contended, among other things, that the appellant is estopped. 4 Cyc. 81; *Bingham v. Walla Walla*, 3 Wash. Ter. 68, 13 Pac. 408; *Moore v. Brownfield*, 10 Wash. 439, 39 Pac. 113; *Globe Nav. Co. v. Maryland Casualty Co.*, 39 Wash. 299, 81 Pac. 826; *Lee v. Kirkpatrick*, 14 N. J. Eq. 264; *Gaines v. Deposit Bank of Frankfort*, 19 Ky. Law 171, 39 S. W. 438; *Rash v. Hart*, 28 Ky. Law 264, 89 S. W. 192; *Vellum v. Demerle*, 20 N. Y. Supp. 516; *Central R. Co. v. MacCartney*, 68 N. J. L. 165, 52 Atl. 575; *Griffiths v. Sears*, 112 Pa. St. 523, 4 Atl. 492; *Krathwohl v. Dawson*, 140 Ind. 1, 38 N. E. 467, 39 N. E. 496.

Root, J.—The appellant herein is a national bank doing business in Coeur d'Alene, Idaho. The respondent The Old National Bank is a national bank doing business in the city of Spokane, Washington. The respondent bank brought this action against the appellant, joining as codefendants, the other respondents herein, to recover upon an instrument issued by appellant in the following words and figures:

"Exchange National Bank.      No. 1996.
"Coeur d'Alene, Idaho, June 16th, 1904.
"W. H. Smith has deposited in this bank $2,000.00, two thousand and no 100 dollars, payable to self, in current funds on the return of this certificate properly endorsed. Interest at 4 per cent if left three months. Wm. Dollar, Pres.
"Not subject to check. 10055 Sept. 19-04."

This instrument was delivered on the date of its issuance to the respondent William H. Smith, who thereafter indorsed and delivered the same to O. M. Sparks, who thereafter indorsed and delivered the same to the respondent bank, with directions to credit the same to the account of the First National Bank of Coeur d'Alene, which was done. When the respondent bank received the certificate from Sparks, it discovered that there would be due upon said certificate some $20 interest in about twenty days, and it therefore held the same in order to collect and make a profit of said interest.

Some days after the respondent bank had received this certificate, said Sparks, being aware of some difficulty between Smith and his wife and anticipating a divorce proceeding which might result in complicating Smith's business affairs, telephoned to the appellant bank and asked if the certificate had been presented for payment, and was informed that it had not been. Later, the same day, after having made some inquiries of the First National Bank and of this respondent bank, said Sparks again telephoned to the appellant bank and asked if said certificate would be paid upon presentment. As to what the answer was, there is an irreconcilable conflict. The appellant bank claimed that they stated

that said certificate would not be paid,. while the evidence of respondents is to the effect that the appellant bank said that it would be paid. The trial court found with the respondents upon this issue, and we think the evidence justifies the finding.

The appellant bank had another customer with the same name as the one to whom this certificate was issued, the name of each being William H. Smith. In the trial of the case, the recipient of the certificate was indicated as "Smith No. 2," and the other customer as "Smith No. 1," and we will so designate them herein. Smith No. 1 had an account with appellant bank, and had on deposit something over $2,000 in said bank. Smith No. 2 had a small amount subject to check aside from the amount represented by this certificate. He drew numerous checks against the bank, which paid the same owing to its officers getting the accounts of the two Smiths confused. The mistake was discovered about the 16th of September, when the bank learned that Smith No. 2 had overdrawn his account to the extent of $1,337.36. A few days thereafter, respondent bank presented this certificate to appellant, and the latter refused to pay the same or any portion thereof, excepting the difference between the amount which Smith had overdrawn, $1,337.76, and the amount of the certificate, $2,000 and interest. The appellant pleaded the following statutes of Idaho:

"A nonnegotiable written contract for the payment of money or personal property may be transferred by indorsement in like manner with negotiable instruments. Such indorsement transfers all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses, existing in favor of the maker at the time of the indorsement." Rev. Stats. Idaho, § 3600, Chap. V, Title XIII.

"In the case of an assignment of a thing in action the action by the assignee is without prejudice to any set-off or other defense existing at the time of, or before notice of the assignment." Id., § 4091, Chap. I, Title III.

"A banker has a general lien dependent on possession upon all property in his hands belonging to a customer for

the balance due to him from such customer in the course of the business." Id., § 3448, Chap. VI, Title XII.

It contends that under these statutes it was authorized to offset against the amount due on the certificate the amount overdrawn by Smith No. 2. Respondent bank claims that these statutes do not apply to cases of this kind. It also claims that the appellant is estopped to make any offset or interpose any defense against the amount due upon the certificate as shown by its terms, for the reason that said bank assured Sparks that the same would be paid when presented. Appellant bank claims that these facts do not constitute an estoppel, for the reason that Sparks had already parted with the certificate at the time he made the inquiry of appellant bank, and that the respondent bank had taken the certificate prior to this representation, and that consequently said representation had not constituted any inducement to their purchasing the certificate.

The purpose of Sparks in making inquiry of the appellant bank as to whether it would pay this certificate was to protect himself as an indorser of the certificate. He was interested in its payment, inasmuch as he had indorsed it when the same was turned over to respondent bank. The assurances given him by the appellant bank undoubtedly constituted an estoppel which he could have asserted to prevent the appellant bank from interposing any defense against the certificate. It seems to us that, under the facts of this case, the respondent bank also had a right to assert this estoppel. It would seem that any virtue which the certificate had in any litigation between Sparks and appellant, it would likewise have in a suit between appellant and respondent banks. If respondent bank could not recover on this certificate against appellant, it would ordinarily have recourse against Sparks, who had indorsed and delivered the certificate to respondent bank. Had the respondent bank, upon the appellant's refusing to pay the certificate, turned the same back to Sparks,

he could undoubtedly have maintained an action against the appellant bank, the latter being estopped to urge any defense to his action. Thus there could be accomplished indirectly what the appellant insists cannot be accomplished directly. There would seem to be no good reason for preventing the doing of a thing directly which may be accomplished by indirectness. At the time appellant bank assured Sparks that the certificate would be paid upon presentment, both Sparks and respondent bank were interested in the certificate, the former as an indorser and the latter as holder, and we think it may be properly presumed that the respondent bank was notified of the representations. Had the appellant bank at that time notified Sparks that the certificate would not be paid, or that it had or intended to assert any defense thereto, Sparks could have taken steps promptly to recoup against Smith, and it is possible that neither he nor respondent bank would have suffered any loss. But being assured that the certificate was all right and would be paid, he and the others interested therein were not called upon to take any action in the premises. He was lulled into a feeling of security which undoubtedly prevented himself and the other indorsers, and the respondent bank as holder, from taking any steps to protect themselves as against Smith.

We think the judgment of the superior court was correct, and it is therefore affirmed.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.